UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

HENRY L. POITRAS,

Plaintiff,

v.

CHARITY CLARK, Attorney General of
Vermont, in her Official and
Personal Capacities,

Defendant.

Case No. 2:26-cv-234

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Charity Clark submits the following Answer to Plaintiff's Complaint. The numbered paragraphs below correspond to the numbered paragraphs in the Complaint. Unless specifically admitted, qualified, or otherwise answered, Defendant denies each allegation in the Complaint. Defendant does not specifically respond to any section headings included in the Complaint, but to the extent that those headings expressly or implicitly include substantive legal or factual allegations, Defendant denies those allegations.

1. The allegations in Paragraph 1 consist of legal conclusions, to which no response is required under Fed. R. Civ. P. 8(b). To the extent a response is deemed required: Defendant admits that Act 75 of 2026, 17 V.S.A. §§ 2031 *et seq.*, was enacted by the Vermont Legislature and that Defendant is charged with enforcing Act 75; Defendant denies that the civil investigative demand issued to Plaintiff constitutes an enforcement action and denies the remaining allegations of this paragraph.

2. Defendant admits, on information and belief, that Plaintiff publishes content under the pseudonym "Planet Hank" and that a video titled "Mark Helps Vermont Take Out The

1

Trash" was posted to a Facebook account associated with that pseudonym on or about June 7, 2026. Defendant admits that Rebecca ("Becca") Balint is the incumbent United States Representative for Vermont and a declared candidate for reelection, and that Mark Coester is a declared Republican candidate for that seat. The remaining allegations in Paragraph 2 purport to characterize the Planet Hank video, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the video's plain meaning, including the characterization of the video as "core political speech." Defendant denies the remaining allegations of this paragraph.

3. The allegations in Paragraph 3 purport to characterize the video, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the video's plain meaning.

4. Defendant admits that the video is realistic. The remaining allegations in Paragraph 4 purport to characterize the video, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the video's plain meaning.

5. Defendant admits that on or about June 12, 2026, the Office of the Attorney General opened an investigation designated AGO Matter No. 26-SM-101 and served Plaintiff with a Civil Investigative Demand (the "CID"), a copy of which is attached to the Complaint as Exhibit A. Defendant admits that the CID included the statutorily mandated notice to Plaintiff that knowing and intentional violations of Act 75 can result in criminal liability. The remaining allegations in Paragraph 5 purport to characterize Exhibit A, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with Exhibit A's plain language, meaning, and context.

6. Defendant admits that the Office of the Attorney General offered Plaintiff the opportunity to avoid having to expend resources to respond to the CID by coming into compliance

with Act 75. The remaining allegations in Paragraph 6 purport to characterize Exhibit A, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with Exhibit A's plain language, meaning, and context.

7. Paragraph 7 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 7.

8. The first and third sentence of Paragraph 8 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in the first and third sentence of Paragraph 8. The second sentence of Paragraph 8 purports to characterize Act 75, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the plain language, meaning, and context of Act 75.

9. Paragraph 9 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 9.

10. Defendant denies the allegations in Paragraph 10.

11. Paragraph 11 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 11.

12. Paragraph 12 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 12.

13. Paragraph 13 states legal conclusions regarding jurisdiction to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has subject-matter jurisdiction over federal claims under 28 U.S.C. § 1331.

14. Paragraph 14 states legal conclusions regarding jurisdiction to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has subject-matter jurisdiction over certain civil rights claims under 28 U.S.C. § 1343.

15. Paragraph 15 states legal conclusions regarding jurisdiction to which no response is required. To the extent a response is deemed required, Defendant admits the allegations in Paragraph 15.

16. Paragraph 16 states legal conclusions regarding jurisdiction to which no response is required. To the extent a response is deemed required, Defendant admits the allegations in Paragraph 16.

17. Paragraph 17 states legal conclusions regarding jurisdiction to which no response is required. To the extent a response is deemed required, Defendant admits that she resides and maintains her office in Vermont and that this Court has personal jurisdiction over her.

18. The first sentence of Paragraph 18 states legal conclusions regarding venue to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this District. Defendant admits that the CID was mailed to Plaintiff in this District, and admits that Defendant's personal residence and the Office of the Attorney General are in this District. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

19. Paragraph 19 states legal conclusions regarding standing and ripeness to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 19.

20. Defendant admits that the CID is merely an investigative action and that Defendant has not brought any civil or criminal proceeding against Plaintiff related to this matter. The remaining allegations in Paragraph 20 state legal conclusions regarding abstention

doctrines to which no response is required. To the extent a response is deemed required, Defendant denies the remaining allegations in Paragraph 20.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

22. Admitted.

23. Paragraph 23 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 23.

24. Paragraph 24 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 24.

25. Defendant lacks knowledge or information sufficient to form a belief as to Paragraph 25's characterization of Plaintiff's body of work, and on that basis denies them. The remaining allegations in Paragraph 25 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the remaining allegations in Paragraph 25.

26. Defendant lacks knowledge or information sufficient to form a belief as to Paragraph 26's characterization of Plaintiff's body of work, and on that basis denies them.

27. Defendant admits, on information and belief, the allegations in the first sentence of Paragraph 27. Defendant lacks knowledge or information sufficient to form a belief as to the number of views the video has generated on Facebook, and on that basis denies that allegation. The remaining allegations in Paragraph 27 purport to characterize the video, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the video's plain meaning.

28. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the first and last sentences of Paragraph 28, and on that basis denies them. The

5

remaining allegations in Paragraph 28 purport to characterize Representative Balint's Facebook posts, which speak for themselves and are the best evidence of their contents. Defendant denies any allegations inconsistent with the plain language, meaning, and context of the referenced Facebook posts.

29. The first, second, and third sentences of Paragraph 29 purport to characterize the video, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the video's plain meaning and denies that the video is obvious satire and parody. The final sentence of Paragraph 29 purports to characterize Exhibit A, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with Exhibit A's plain language, meaning, and context.

30. Defendant admits that Act 75 (S.23) was signed by the Governor on March 5, 2026, and is codified at 17 V.S.A. §§ 2031, 2032, 2033, 2041, and 2042. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the last sentence of Paragraph 30, and on that basis denies them.

31. The allegations in Paragraph 31 purport to characterize Act 75, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the plain language, meaning, and context of Act 75.

32. The allegations in Paragraph 32 purport to characterize Act 75, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the plain language, meaning, and context of Act 75.

33. The allegations in Paragraph 33 purport to characterize Act 75, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the plain language, meaning, and context of Act 75.

34. The allegations in Paragraph 34 purport to characterize Act 75, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the plain language, meaning, and context of Act 75.

35. The allegations in Paragraph 35 purport to characterize California's Assembly Bill 2839 and *Kohls v. Bonta*, 797 F. Supp. 3d 1177 (E.D. Cal. 2025), which speak for themselves and are the best evidence of their own contents. Defendant denies any allegations inconsistent with the plain language, meaning, and context of Assembly Bill 2839 and *Kohls v. Bonta*.

36. Defendant denies the allegations of Paragraph 36 in their entirety, including specifically and emphatically the allegation that "Defendant has taken her first enforcement action against Plaintiff to protect an incumbent fellow Democratic Party member and friend."

37. The allegations in Paragraph 37 purport to characterize Act 75, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the plain language, meaning, and context of Act 75.

38. The allegations in Paragraph 38 purport to characterize Act 75, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the plain language, meaning, and context of Act 75.

39. The allegations in Paragraph 39 purport to characterize Act 75, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the plain language, meaning, and context of Act 75.

40. The allegations in Paragraph 40 purport to characterize Act 75, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the plain language, meaning, and context of Act 75.

41. The allegations in Paragraph 41 purport to characterize Act 75, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the plain language, meaning, and context of Act 75.

42. The allegations in Paragraph 42 purport to characterize Act 75, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the plain language, meaning, and context of Act 75.

43. The allegations in Paragraph 43 purport to characterize Act 75, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the plain language, meaning, and context of Act 75.

44. Admitted.

45. The allegations in Paragraph 45 purport to characterize Exhibit A, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the plain language, meaning, and context of Exhibit A. Defendant admits that the CID and opening letter were mailed to Plaintiff on June 12, 2026.

46. The allegations in Paragraph 46 purport to characterize Exhibit A, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the plain language, meaning, and context of Exhibit A.

47. Defendant admits that the CID's requests concern the video's depiction of Rep. Balint. Defendant denies the remaining allegations of this paragraph, including specifically and emphatically that "the investigation's object is to protect a favored candidate from unflattering political speech."

48. Defendant denies that the "video is clearly satire." The fourth sentence of Paragraph 48 purports to characterize Exhibit A, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the plain language, meaning,

8

and context of Exhibit A. The remaining allegations in Paragraph 48 purport to characterize Act 75, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the plain language, meaning, and context of Act 75.

49. The allegations in Paragraph 49 purport to characterize Exhibit A, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the plain language, meaning, and context of Exhibit A. Defendant admits that the Office of the Attorney General granted Plaintiff a 14-day extension to respond to the CID, until July 10, 2026.

50. The allegations in Paragraph 50 states legal conclusions and assertions of Plaintiff's intent, to which no response is required. To the extent a response is deemed required, Defendant denies the remaining allegations in Paragraph 50.

51. The allegations in Paragraph 51 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 51.

52. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's status as a political commentator and on that basis denies them. Defendant admits that she is an elected official and that the Office of the Attorney General has opened an investigation and mailed the CID to Plaintiff, but Defendant denies that either action constitutes enforcement of Act 75. Defendant admits that the Office of the Attorney General offered Plaintiff either an unconditional 14-day extension to respond to the CID or a 30-day extension if Plaintiff agreed to affix the statutorily mandated disclosure to the video, but Defendant denies that the Office of the Attorney General made either extension contingent on Plaintiff taking down the video. The remaining

allegations in Paragraph 52 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the remaining allegations in Paragraph 52.

53. The allegations in Paragraph 53 purport to characterize the First Amendment to the United States Constitution and case law interpreting that document. Defendant denies any allegations inconsistent with the plain language, meaning, and context of the First Amendment.

54. The allegations in Paragraph 54 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in the first three sentences of Paragraph 55. The remaining allegations in Paragraph 55 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the remaining allegations in Paragraph 55.

56. The allegations in Paragraph 56 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 56.

57. The allegations in Paragraph 57 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 57.

58. The allegations in Paragraph 58 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 58.

59. The allegations in Paragraph 59 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 59.

60. The allegations in Paragraph 60 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 60.

61. The allegations in Paragraph 61 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 61.

62. The allegations in Paragraph 62 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to relief on any facial or as-applied theory as to any claim.

63. Defendant incorporates by reference her responses to Paragraphs 1 through 62 above as though fully set forth herein.

64. Paragraph 64 states a legal conclusion regarding the elements of Plaintiff's First Amendment claim to which no response is required. To the extent a response is deemed required, Defendant denies that Act 75 is a content-based or viewpoint-based regulation of speech, denies that strict scrutiny applies, and denies that Plaintiff can establish the elements of this claim.

65. Defendant denies the allegations in Paragraph 65.

66. Defendant denies the allegations in Paragraph 66.

67. Defendant incorporates by reference her responses to Paragraphs 1 through 66 above as though fully set forth herein.

11

68. Paragraph 68 states a legal conclusion regarding the elements of Plaintiff's First Amendment claim to which no response is required. To the extent a response is deemed required, Defendant denies that Act 75 compels Plaintiff to convey a government-mandated message, denies that strict scrutiny applies, and denies that Plaintiff can establish the elements of this claim.

69. Defendant denies the allegations in Paragraph 69.

70. Defendant denies the allegations in Paragraph 70.

71. Defendant incorporates by reference her responses to Paragraphs 1 through 70 above as though fully set forth herein.

72. Paragraph 72 states a legal conclusion regarding the elements of Plaintiff's First Amendment claim to which no response is required. To the extent a response is deemed required, Defendant denies that Act 75 prohibits a substantial amount of constitutionally protected speech relative to its plainly legitimate sweep and denies that Plaintiff can establish the elements of this claim.

73. Defendant denies the allegations in Paragraph 73.

74. Defendant denies the allegations in Paragraph 74.

75. Defendant incorporates by reference her responses to Paragraphs 1 through 74 above as though fully set forth herein.

76. Paragraph 76 states a legal conclusion regarding the elements of Plaintiff's First Amendment claim to which no response is required. To the extent a response is deemed required, Defendant denies that Act 75 imposes a prior restraint on speech and denies that Plaintiff can establish the elements of this claim.

77. Defendant denies the allegations in Paragraph 77.

78. Defendant denies the allegations in Paragraph 78.

79. Defendant denies the allegations in Paragraph 79. Defendant specifically denies the allegation that the Office of the Attorney General "is using a CID and threats of criminal prosecution to chill Plaintiff's speech."

80. Defendant incorporates by reference her responses to Paragraphs 1 through 79 above as though fully set forth herein.

81. Paragraph 81 states a legal conclusion regarding the elements of Plaintiff's void for vagueness claim to which no response is required. To the extent a response is deemed required, Defendant denies that Act 75 fails to give persons of ordinary intelligence fair notice of prohibited conduct, denies that the Act authorizes or invites arbitrary or discriminatory enforcement, and denies that Plaintiff can establish the elements of this claim.

82. Defendant denies the allegations in Paragraph 82.

83. Defendant denies the allegations in Paragraph 83.

84. Defendant incorporates by reference her responses to Paragraphs 1 through 83 above as though fully set forth herein.

85. Paragraph 85 states a legal conclusion regarding the elements of Plaintiff's First Amendment claim to which no response is required. To the extent a response is deemed required, Defendant denies that the challenged disclosure requirement burdens Plaintiff's First Amendment rights, denies that exacting scrutiny is unsatisfied, and denies that Plaintiff can establish the elements of this claim.

86. Defendant denies the allegations in Paragraph 86.

87. Defendant denies the allegations in Paragraph 87.

88. This paragraph constitutes Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to any form of relief.

Defendant denies each allegation of the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. The Court lacks jurisdiction over this action.

2. Plaintiff lacks standing to bring this action.

3. Plaintiff's claims are unripe.

4. Plaintiff fails to state a claim upon which relief may be granted.

5. Defendant is entitled to qualified immunity for claims brought against her in her personal capacity.

6. Defendant at all times acted in good faith and within the scope of her lawful statutory authority under 17 V.S.A. §§ 2041 and 2042.

7. To the extent any provision of Act 75 is held unconstitutional, that provision is severable from the remainder of the statute, which remains valid and enforceable.

8. Act 75 expressly exempts satire and parody from its disclosure requirement, 17 V.S.A. § 2032(b)(3), and Defendant's investigation was undertaken to determine, consistent with that statutory framework, whether Plaintiff's conduct falls within or outside that exemption.

9. Plaintiff has failed to mitigate his alleged damages, if any.

10. Defendant reserves the right to assert additional affirmative defenses that become apparent through discovery or further investigation.

14

WHEREFORE, Defendant requests that the Court dismiss the Complaint in its entirety, enter

judgment for Defendant and against Plaintiff, award Defendant her costs and attorney's fees, and

grant Defendant any further relief that the Court deems just and proper.


Dated in Montpelier, Vermont this 30th day of July, 2026.


Respectfully submitted,

CHARITY R. CLARK
ATTORNEY GENERAL


By:    */s/ Samuel B. Stratton*
Samuel B. Stratton
Assistant Attorney General
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Office: (802) 828-3171
sam.stratton@vermont.gov

*Counsel for Defendant*